UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMMERZBANK AKTIENGESELLSCHAFT<br>        Plaintiff<br><br>VERSUS<br><br>M/V UTOPIE (ex-UMBERTO D'AMATO), her engines, tackle, appurtenances, etc., *in rem*, and GORGONIA DI NAVIGAZIONE S.R.L., *in personam*<br>        Defendants | CIVIL ACTION<br><br>NO: 13-6622<br><br>SECTION:  I (3)<br><br>JUDGE AFRICK<br><br>MAGISTRATE KNOWLES |

**FIRST AMENDED VERIFIED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, through undersigned counsel, Plaintiff Commerzbank Aktiengesellschaft (hereinafter "Commerzbank" or "Commerzbank AG"), and files this First Amended Verified Complaint against M/V UTOPIE (ex-UMBERTO D'AMATO), her engines, tackle, apparel, etc., *in rem* (the "Vessel") and Gorgonia di Navigazione S.R.L. ("Gorgonia"), *in personam* and stating an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Commerzbank respectfully represents upon information and belief:

JURISDICTION

1.    This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. §1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This is an action to enforce a maritime lien *in rem* against M/V UTOPIE, an ocean-going vessel, to attach the property of Gorgonia pursuant to a

preferred ship mortgage, and for judgment against Gorgonia under the mortgage held by Plaintiff. M/V UTOPIE has already been seized by this Honorable Court and remains in the Court's custody.

2. This claim is brought pursuant to and in accordance with the provisions of The Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301, et seq., and under Supplemental Rule C of the Federal Rules of Civil Procedure.

## IDENTITY OF PARTIES

3. At all material times, Plaintiff Commerzbank is and was a German company, with its registered office at Kaiserstraße 16, D-60311, Frankfurt am Main, Germany.

4. At all material times, Defendant Gorgonia is and was an Italian corporation with a registered office at Via Positano, 5, I-80059, Torre del Greco (Naples), Italy.

5. M/V UTOPIE is an Italian flagged bulk carrier of approximately 222.0 meters in length, 32.3 meters in breadth, with tonnages of 40,170 gross, 25,603 net and 75,118 dead weight, with Italian Registration Number 403 and IMO Number 9422328 (the "Vessel"). At all relevant times, M/V UTOPIE has been engaged in international commerce and is owned by Gorgonia.

## BACKGROUND

6. Pursuant to a Loan Agreement dated 29 September 2006 (the "Loan Agreement") between Deutsche Schiffsbank AG ("Schiffsbank") and Gorgonia, Schiffsbank made advances to Gorgonia in an aggregate amount of $30,175,000 (the "Loan"). Pursuant to a merger agreement dated April 5, 2012, Schiffsbank merged with Commerzbank. The merger became effective with the registration in the commercial register of COMMERZBANK Aktiengesellschaft on May 22, 2012. Attached hereto as Plaintiff's Exhibits 1 and 2, respectively, are true and correct copies of

the Loan Agreement and a Certificate of Merger between Schiffsbank and Commerzbank dated 23 May 2012.

7. As security for the Loan Agreement, Gorgonia on 19 May 2008 gave Schiffsbank a ship mortgage (the "Mortgage"). The Mortgage is for M/V UTOPIE and her appurtenances. On 23 May 2008, Gorgonia registered the ship mortgage with the Harbor Master of Naples bearing Mortgage Registration No. 104/NA in favor of Schiffsbank. Attached hereto as Plaintiff's Exhibits 3 and 4, respectively, are true and correct copies of the Mortgage and of the Extract of Registry for the Vessel.

8. This Mortgage constituted a First Ranking Mortgage over the Vessel and is legal, valid, binding and enforceable in accordance with its terms.

9. The Loan Agreement at Clause 6.1 and at Enclosure 4 "Redemption Schedule" requires that the Loans be repaid by a series of payments, including certain payments which were due on 15 May 2012 ($915,000 USD); 15 November 2012 ($1,075,000 USD); 15 May 2013 ($1,075,000 USD); and 15 November 2013 ($1,075,000 USD). These payments were not made. The failure to make these payments totaling at least $4,140,000.00 USD was an event of default under Clause 15.5.1 of the Loan Agreement and Clause IV of the General Loan Conditions attached thereto.

10. Furthermore, Gorgonia failed to make certain interest payments on the outstanding balance, as required by Clause 5.5 of the Loan Agreement. The two categories of unpaid interest are (1) "Outstanding Interest" accrued between 15 May 2012 and 15 November 2013, totaling $350,203.42; and (2) "Outstanding Default Interest" accrued between 15 May 2012 and 15 November 2013, totaling more than $97,006.09. This left an unpaid interest balance in aggregate total of more than $447,209.51 USD. The failure to make the required

interest payments constituted a further event of default under Clause 15.5.1 of the Loan Agreement and Clause IV of the General Loan Conditions attached thereto. The unpaid principal and interest payments are "Events of Default" under the Loan Agreement.

11. By letter dated 15 October 2013, Plaintiff Commerzbank again, for at least the fourth time, notified Gorgonia of these Events of Default and demanded payment. Attached hereto as Plaintiff's Exhibit 5 are true and correct copies of the 15 October 2013 Notice and Demand letter, as well as prior Notice and Demand letters dated 6 June, 25 September and 16 October 2012. As a result, these $4,140,000.00 USD unpaid principal payments and at least $447,209.51 USD unpaid interest payments, or a total of $4,587,209.51 USD, was due when Plaintiff Commerzbank filed its original Verified Complaint.

12. These Events of Default entitled Plaintiff Commerzbank to terminate the Loan Agreement and to claim immediate repayment of the Loan, interest thereon, and all costs and expenses connected therewith. Plaintiff Commerzbank terminated the Loan on December 19, 2013, demanding immediate repayment of all outstanding amounts under the Loan Agreement. Attached hereto as Plaintiff's Exhibit 6 is a true and correct copy of Plaintiff Commerzbank's termination of the Loan Agreement and demand to Gorgonia for immediate repayment. Due to the termination of the Loan Agreement, Gorgonia now owes a total payment of at least $24,974,604.95 to Plaintiff Commerzbank. Additionally, under the terms of the Loan Agreement Plaintiff is entitled to recover its costs and attorneys' fees in foreclosing on its Preferred Ship Mortgage. Those costs and expenses continue to accrue. Attached hereto as Plaintiff's Exhibit 7 is a true and correct copy of Commerzbank's Loan Spreadsheet setting forth the outstanding amounts owed by Gorgonia as of December 19, 2013.

## FIRST CAUSE OF ACTION

<u>Foreclosure of Maritime Lien *In Rem*</u>

13. Plaintiff repeats and realleges as if fully set forth herein the allegations set forth in Paragraphs 1- 12 above.

14. As a result of the above-described Events of Default, Gorgonia has breached the terms and conditions of the Loan Agreement.

15. Accordingly, Defendant Gorgonia is liable under the Loan Agreement.

16. Plaintiff has duly performed all of its obligations to Gorgonia under the terms of the Loan Agreement.

17. Plaintiff has incurred and will incur other and further costs, including attorneys' fees, in exercising its rights under the Loan Agreement, which are recoverable in accordance with the terms of the Loan Agreement. The Loan Agreement, together with Defendant's liability for breach of the Loan Agreement, the unpaid and outstanding loan balance and related costs, and termination of the Loan give rise to a maritime lien on the Vessel in the current amount of at least $24,974,604.95 USD plus interest, costs, and attorneys' fees.

18. Plaintiff is entitled to judgment *in rem* against M/V UTOPIE, and the immediate arrest thereof under Supplemental Rule C of the Federal Rules of Civil Procedure, to satisfy the above-described maritime lien.

19. Plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all his deputies from any liability as a result of seizing the aforesaid property.

## SECOND CAUSE OF ACTION

<u>Breach of Foreign Preferred Ship Mortgage</u>

20. Plaintiff repeats and realleges as if fully set forth herein the allegations set forth in Paragraphs 1 - 19 above.

21. As a result of the above-described Events of Default under the Loan Agreement, Defendant Gorgonia has breached the terms of the Mortgage, which is a foreign preferred ship Mortgage in accordance with 46 U.S.C. § 31301(6)(B).

22. By the terms and conditions of the Loan Agreement, due to the termination of the Loan, Gorgonia is justly indebted to Plaintiff for the sum of at least $24,974,604.95 USD for the principal and unpaid balance of money loaned, bargained, sold, and mortgaged unto and secured by Gorgonia and the foreign preferred ship Mortgage, with interest and expenses continuing to accrue.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests:

A. That the Vessel M/V UTOPIE and her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto be sold to pay the demands and claims aforesaid, with interest, costs, and attorneys' fees, and to pay other amounts required to be paid by Defendant Gorgonia to Plaintiff under the Loan Agreement, together with interest, costs, and attorneys' fees, and that Plaintiff may have such other and further relief as in law and justice it may be entitled to receive; and

B. That the Mortgage executed by Defendant Gorgonia may be declared to be a valid and subsisting lien upon the Vessel, her engines, tackle, apparel, etc., and all other equipment and necessaries belonging and appurtenant thereto, which is prior and superior to the interest, liens or claims of any and all persons, firms, or corporations whatsoever; and

C.  That it may be decreed that any and all persons, firms, and corporations claiming any interest in the Vessel are forever barred and foreclosed from all rights or equities for redemption or claim of, in or to the mortgaged Vessel, her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto and every party thereof; and

D.  That this Honorable Court shall direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to Defendant Gorgonia or the individual in charge of the Vessel and to any person, firm, or corporation who has recorded a Notice of Claim of any discharged lien upon the Vessel as provided under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. 31301, et seq. as amended; and

E.  That judgment be issued against the Vessel M/V UTOPIE *in rem* in the full amount due under the Loan Agreement and the foreign preferred ship Mortgage plus interest, charges, costs, and attorneys' fees, as well as any and all other amounts required to be paid by Defendant Gorgonia to Plaintiff under the Loan Agreement with interest and costs, and further, that Plaintiff reserves the right to proceed against Defendant for any deficiency that may remain due after applying the available proceeds of the sale of the mortgaged Vessel to the judgment herein and that Plaintiff have such other and further relief as in law and justice it may be entitled to recover; and

F.  That judgment be issued against Defendant M/V UTOPIE and Defendant Gorgonia, jointly and severally, in the full amount then due under the Loan Agreement and the foreign preferred ship Mortgage, plus interest, together with interest, charges, costs, and attorneys' fees, and any and all other amounts required to be paid under the Loan Agreement and the foreign preferred ship Mortgage, together with such other further relief as in law and justice that Plaintiff may be entitled to recover.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Michael M. Butterworth*
       Brian Wallace (#17191)
       Michael M. Butterworth (#21265)
       Canal Place
       365 Canal Street • Suite 2000
       New Orleans, Louisiana 70130-6534
       Telephone: (504) 566-1311
       Telecopier: (504) 568-9130
       **ATTORNEYS FOR PLAINTIFF**
       COMMERZBANK AKTIENGESELLSCHAFT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants on this 22nd day of January, 2014.

       */s/ Michael M. Butterworth*
       BRIAN D. WALLACE
       MICHAEL M. BUTTERWORTH