

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COMMERZBANK AKTIENGESELLSCHAFT**<br><br>**Plaintiff**<br><br>**VERSUS**<br><br>**M/V UTOPIE (ex-UMBERTO D'AMATO),** her engines, tackle, appurtenances, etc., in rem, and **GORGONIA DI NAVIGAZIONE S.R.L.,** in personam<br><br>**Defendants** | **CIVIL ACTION**<br><br>**NO. 13-6622**<br><br>**SECTION "I" (3)**<br><br>**JUDGE AFRICK**<br><br>**MAGISTRATE KNOWLES** |

## *EX PARTE*, UNOPPOSED MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN AND APPROVAL OF ARREST AND CUSTODIAL COSTS AS *CUSTODIA LEGIS* EXPENSES

Plaintiff, Commerzbank Aktiengesellschaft, by and through its undersigned attorneys, having appeared and made the following recitals:

1. On December 11, 2013, the Complaint herein was filed praying that the M/V UTOPIE be condemned and sold to pay plaintiff's preferred ship mortgage lien, demands and claims, and for other proper relief.

2. On December 11, 2013, the Clerk of this Court issued a Writ of Arrest commanding the United States Marshal for the Eastern District of Louisiana, to seize and take into custody the M/V UTOPIE and to detain the same in his custody until further Order of the Court.

3. On December 13, 2013 the United States Marshal did seize the M/V UTOPIE. Custody by the United States Marshal ordinarily requires the services of one keeper, and from 13 December 2013 to the present the keeper appointed by the U.S. Marshal has been the vessel

- 1 -

custodian. In order to maintain the arrest and to reduce *custodia legis* expenses for the prolonged period until the Judicial Sale, which may yet be more than one month away, plaintiff identifies and moves this Honorable Court to appoint a substitute custodian; plaintiff requests and Capt. Tom Schilling, German Passport No. 355402647 (copy attached as Exhibit "A"), has agreed to accept appointment as substitute custodian.

4. The services and costs of the U.S. Marshal, the keeper appointed by the U.S. Marshal, and all cost and expenses of maintaining the arrest until the Judicial sale including a less expensive substitute custodian are *custodia legis* expenses which prime all other maritime liens. Thus, use of a less expensive substitute custodian in place of the more expensive U.S. Marshal keeper will preserve and enhance the proceeds of the judicial sale that will ultimately be distributed to any lien holders.

5. The M/V UTOPIE is presently on the Mississippi River near Braithwaite, Louisiana at Twelve Mile Anchorage about Mile 80 Above Head of Passes ("AHP"). Capt. Tom Schilling, who has agreed to assume the responsibility of safekeeping the vessel and has consented to act as the custodian upon order of this Court, at a rate of $10.00 per day. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the Defendant vessel to the substitute custodian for safekeeping can be effected by the Court, and Capt. Tom Schilling, agree all such charges will be invoiced to and paid by the plaintiff.

6. Capt. Tom Schilling will use the U.S. Marshal insurance of at least $1 Million ($1,000,000.00) and sufficient to respond in damage to the attached vessel, her engines, tackle, appurtenances, furnishings, cargo, bunkers, etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents. Capt. Tom

Schilling and plaintiff Commerzbank agree the premium of $165/day can be deducted from the funds on deposit with the U.S. Marshal.

7. The substitute custodian, in consideration of the United States Marshal's consent to the substitution of custody, shall protect, indemnify, defend, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the M/V UTOPIE.

8. To arrest and to protect the asset in favor of all lien claimants, plaintiff has arrested M/V UTOPIE and has incurred costs and expenses including but not limited to:

   a) Complaint and Arrest filing fees

   b) U.S. Marshal costs (presently estimated at $5,000 and increasing daily)

   c) U.S. Marshal Consent Keeper costs (presently estimated at $30,000 and increasing daily)

   d) Local agency T. Parker Host fees and costs (presently estimated at $5,000 and increasing daily)

   e) Liberty Shipmanagement costs/fees (presently estimated at $10,000 and increasing daily)

   f) Bunker fuel oil consumed during arrest, until sale confirmed, presently estimated about 3.5 metric tons per day

   g) Lube oil consumed during arrest, until sale is confirmed

   h) Substitute Custodian and insurance costs/expenses from the present until the sale is confirmed and transferred to her new owner

   i) Launch services

   j) Crew wages

   k) Crew medical expenses

   l) Crew food and drink (victuals).

All these expenses protect and maintain the asset, M/V UTOPIE, and are for the benefit of all concerned. They are properly labeled *"custodia legis"* expenses.

Accordingly, plaintiff respectfully requests this Honorable Court issue the attached Order to Appoint Substitute Custodian, and Approval of Arrest and Custodial Costs as *"custodia legis"* expenses.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____
Brian Wallace (#17191)
Michael M. Butterworth (#21265)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
**ATTORNEYS FOR PLAINTIFF**
COMMERZBANK AKTIENGESELLSCHAFT

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all counsel of record by hand delivery, by fax or electronic transmission, or by placing same in the United States mail, properly addressed and first class postage prepaid, on this 22 day of January, 2014.

_____
MICHAEL M. BUTTERWORTH



EXHIBIT A