# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMMERZBANK AKTIENGESELLSCHAFT<br><br>                **Plaintiff**<br><br>VERSUS<br><br>M/V UTOPIE (ex-UMBERTO D'AMATO), her engines, tackle, appurtenances, etc., in rem, and GORGONIA DI NAVIGAZIONE S.R.L., in personam<br><br>                **Defendants** | CIVIL ACTION<br><br>NO. 13-6622<br><br>SECTION "I" (3)<br><br>JUDGE AFRICK<br><br>MAGISTRATE KNOWLES |

## MEMORANDUM IN SUPPORT OF *EX PARTE*, UNOPPOSED MOTION FOR INTERLOCUTORY SALE OF VESSEL

**MAY IT PLEASE THE COURT:**

    **NOW COMES** plaintiff, COMMERZBANK AKTIENGESELLSCHAFT ("Commerzbank"), through undersigned counsel, who submits this Memorandum in support of its *ex parte*, unopposed motion for an Order directing the sale of the M/V UTOPIE (ex-UMBERTO D'AMATO) (the "Vessel"), and pursuant to Rule E(9)(b) of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

    On December 11, 2013, Commerzbank filed its Original Verified Complaint against the Vessel *in rem* and Gorgonia Di Navigazione S.R.L. ("Gorgonia" or the "Owner") *in personam*, alleging causes of action for breach of a preferred ship mortgage and foreclosure of a maritime lien against the Vessel.

    On December 13, 2013, Commerzbank effected the arrest of the Vessel pursuant to order issued by this Court. The Vessel remains under arrest and neither her Owner nor any party

claiming an interest in her have taken any steps to obtain her release. Moreover, the Vessel's Owner has confirmed that it will not secure a release of the Vessel and does not object to the Vessel's sale by the Court.[1]

On January 22, 2014, Commerzbank filed an Amended Verified Complaint showing that the total amount owed by Defendants on the Preferred Ship Mortgage now totals at least $24,974,604.95 USD, plus a greater and increasing amount of interest, costs, and attorneys' fees.

As required by Rule C(4) of the Supplemental Rules for Admiralty or Maritime Claims, Notice of the arrest of the Vessel was published in the New Orleans Times Picayune on December 25, 2013, December 27, 2013, January 1, 2014, January 8, 2014 and January 15, 2014.[2]

## LAW AND ARGUMENT

Rule E(i)(b) of the Supplemental Rules for Admiralty and Maritime Claims & Asset Forfeiture Actions sets forth the criteria for the disposition of property and interlocutory sales as follows:

> On application of a party. . . the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
>
> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or disproportionate; or
>
> (C) there is an unreasonable delay in securing release of the property.

---

[1] Attached as Exhibit 1 is a true and correct copy of a letter addressed to the Court on behalf of the Vessel's Owner dated 7 January 2014 confirming that the Owner will not secure a release of the Vessel and does not object to its sale by the Court.
[2] An Affidavit of Publication of Notice of Seizure is attached as Exhibit 2.

Fed. R. Civ. P., Supp. Admiralty Rule E(9)(a)(i).

The Fifth Circuit has held that to obtain an order for an interlocutory sale, lien holders need show only the existence of one of the three criteria set forth in Rule (E)(9)(a)(i). *Merchants Nat'l Bank v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1341 (5th Cir. 1981). All three have been met in this case.

Firstly, the Vessel's Owner has not appeared, has not secured the release of the Vessel since its arrest on December 13, 2013 and, most importantly, has advised that it will not secure a release of the Vessel. *See* Exhibit 1. Given both the delay in securing the release of the Vessel since its arrest and the acknowledgement by its Owner that it will not secure the Vessel's release, criteria (C) of Supplemental Admiralty Rule 9(a)(i) is met.

Secondly, the expense of keeping the Vessel in custody is excessive and is unnecessarily eroding the amount of sale proceeds which would be available to satisfy judgment in this case. Since the arrest of the Vessel on December 13, 2013, Commerzbank has been paying the U.S. Marshal's costs, crew wages, groceries, port costs, agent costs, and other incidental *custodia legis* costs in order to maintain and preserve the Vessel during her arrest. In the aggregate, those *custodia legis* costs have averaged $39,169.98 per week. Thus, as the Vessel remains under arrest, the related *custodia legis* costs and fees are significant and continue to mount.[3]

Because the Owner will not secure release of the Vessel, another dollar spent to maintain custody of the Vessel is a dollar spent unnecessarily. Money spent unnecessarily in maintaining custody of the Vessel is by definition excessive. Criteria (B) of Supplemental Admiralty Rule 9(a)(i) therefore is met.

---

[3] Attached hereto as Exhibit 3 is the attestation under penalty of perjury of Commerzbank's Ingo Malinowski which indicates that the total costs to maintain the Vessel are accruing in the approximate amount of $39,169.98 per week while the Vessel remains under arrest.

Additionally, the Vessel is deteriorating in a number of respects. She is idle. She is of steel construction, and therefore requires regular maintenance of her hull and machinery, and maintenance schedules have been disrupted. By sitting idle in the water, the Vessel is susceptible to decay and deterioration. Therefore, criteria (A) of Supplemental Admiralty Rule 9(a)(i) also is met.

Commerzbank further requests that, in connection with the sale of the Vessel, that it be permitted to bid on credit up to the sum owed by Defendants on the Preferred Ship Mortgage, which now totals at least $24,974,604.95, plus a greater and increasing amount of interest, costs and attorneys' fees presently estimated to total at least $485,000 USD and increasing, upon presentation to the U.S. Marshal of an accounting of the unpaid balance.

## **CONCLUSION**

Under the circumstances of this case, it is respectfully submitted that equity demands the interlocutory sale of the Vessel, her engines, tackle, appurtenances, furniture, rigging, etc., on an expedited basis. The Vessel's Owner will not secure the Vessel's release. The daily cost of maintaining the Vessel during her arrest is diminishing the proceeds which will be available from her ultimate sale and therefore is unnecessarily reducing the amount of money that will be available to satisfy judgment in this case. In light of the foregoing, further delay in the sale of the Vessel is unwarranted, and an interlocutory sale is therefore appropriate.

Commerzbank respectfully asks this Court to issue an Order directing the sale of the M/V UTOPIE, her engines, tackle, appurtenances, furniture, rigging, etc., and that Plaintiff, Commerzbank AG, be permitted to credit bid its mortgage at said sale up to the amount of the unpaid balance on its Preferred Ship Mortgage. Plaintiff asks for all other relief to which it may be justly entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *s/ Michael M. Butterworth*
Brian Wallace (#17191)
Michael M. Butterworth (#21265)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
**ATTORNEYS FOR PLAINTIFF**
COMMERZBANK AKTIENGESELLSCHAFT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants on this 22nd day of January, 2014.

*s/ Michael M. Butterworth*
BRIAN D. WALLACE
MICHAEL M. BUTTERWORTH