UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMMERZBANK AKTIENGESELLSCHAFT<br><br>                  Plaintiff<br><br>VERSUS<br><br>M/V UTOPIE (ex-UMBERTO D'AMATO), her engines, tackle, appurtenances, etc., in rem, and GORGONIA DI NAVIGAZIONE S.R.L., in personam<br><br>                  Defendant | CIVIL ACTION NO. 13-6622<br>(c/w 13-6761 and 14-472)<br><br>SECTION "I" (3)<br><br>JUDGE AFRICK<br><br>MAGISTRATE KNOWLES<br><br><br>(This pleading applies to<br>C.A. No. 14-472) |

### DEFENDANT COMMERZBANK'S OPPOSITION TO
### GMI'S MOTION IN LIMINE

Commerzbank Aktiengesellschaft ("Commerzbank") files this Opposition to Global Maritime Investments Cyprus Limited's ("GMI's") Motion in Limine. The only claim asserted by GMI against Commerzbank is one under German law. Because a choice of law analysis will confirm that German law does not govern this suit, GMI has failed to state a cause of action against Commerzbank.[1] However, if the Court were to conclude GMI has stated a cause of action against Commerzbank under German law, German law would also govern how GMI's settlement with Gorgonia di Navigazione, S.R.L. ("Gorgonia") is treated. Under German law, GMI's settlement with Gorgonia has either reduced its claim against Commerzbank by the

---

[1] Commerzbank has filed a Rule 12(b)(6) Motion to Dismiss GMI's claim on these grounds. Doc 59 (14-472).

amount of the settlement with Gorgonia or extinguished its claim entirely, depending on the amount of GMI's provable claims.

## BACKGROUND

Pursuant to a loan agreement, Gorgonia granted Commerzbank a mortgage over its vessel M/V UTOPIE (the "Vessel") on May 19, 2008. Gorgonia became delinquent in its repayment of the loan which entitled Commerzbank to terminate the loan and foreclose the Vessel mortgage.

On December 11, 2013, Commerzbank filed its Verified Complaint in this Court to arrest the Vessel and enforce its preferred mortgage. Soon thereafter, the Vessel's charterer, GMI, filed a separate action against the Vessel *in rem* and Gorgonia *in personam* for breach of its charterparty. *See* GMI's Complaint against Gorgonia and UTOPIE, Doc. 1 (13-6622). That action was consolidated with the present suit.

GMI then brought a separate action against Commerzbank alleging German-law claims stemming from breach of GMI's charterparty with Gorgonia. *See* GMI's Complaint against Commerzbank, Doc. 1 (14-472). On January 30, 2014, that action was also consolidated with the present suit. *See* Court Order, Doc. 13 (13-6761).

In light of GMI's allegations against Gorgonia and Commerzbank for breach of the charterparty, GMI settled its claims against Gorgonia and formed a new charterparty. GMI now argues that its settlement with Gorgonia is irrelevant to any potential recovery against Commerzbank and seeks a declaration that the

settlement "does not have any impact" on Commerzbank's potential liability to GMI. *See* GMI's Memorandum in Support of its Motion in Limine at 6, Doc. 56-1 (13-6622).

## ARGUMENT AND AUTHORITIES

I. **Under German law, settlement of a plaintiff's claim against one tortfeasor reduces the plaintiff's claim against a non-settling tortfeasor accordingly.**

As noted, Commerzbank asserts that German law does not govern GMI's Complaint. As GMI's Complaint asserts only a German-law cause of action, its suit must be dismissed, as more fully described in Commerzbank's Rule 12(b)(6) Motion to Dismiss.[2] However, were the Court to hold that German law applies to this dispute, GMI's claim against Commerzbank has been reduced by the amount of its settlement with Gorgonia.

As described in the attached statement of German law by Dr. Clemens Hillmer, GMI's settlement with Gorgonia reduces its claim against Commerzbank accordingly. *See* Statement of Dr. Hillmer at §8, attached as Exhibit "A." Because GMI's claim against Gorgonia has been extinguished by a "full and final" settlement, GMI cannot recover any damages covered by the amount of that settlement from Commerzbank. *Id.* German law forbids a party from receiving a double recovery for its claims. *Id.*

Even GMI's own German-law expert, Dr. Stahl, confirms GMI's inability to

---

[2] While not the subject of this Motion, it is worthy to note that under German law it is highly doubtful GMI has any viable claim against Commerzbank. Attached hereto as Exhibit 1 to Exhibit "A" is a Judgment of the State Court of Hamburg in *Bringer Corp. v. Commerzbank AG* rejecting a claim strikingly similar claim by GMI herein. Landgericht Hamburg [HGO][State Court of Hamburg] Feb. 24, 2014, LG File No. 419 HKO 12/13 (Ger.).

keep a future award of damages assessed against Commerzbank because "the Bank could resist enforcement of that judgment by showing that GMI was actually able to recoup its losses, wholly or in part, in some other form than by payment by the Bank to GMI." *See* GMI's Motion in Limine, Exhibit 1 at 4-5, Doc. 56-2 (13-6622). GMI has recovered $1,500,000.00 of its loss through the execution of its settlement agreement and derivative charter party with Gorgonia, which settlement agreement by its own terms is valued at $1,500,000.00.

GMI's German-law expert also acknowledged that if GMI is paid pursuant to the settlement, "GMI would not have suffered any or only limited overall loss or no loss at all, then this would be a valid defense the German court would take into account when assessing the damages recoverable by GMI in its action in tort against [Commerzbank]" *See* GMI's Motion in Limine, Exhibit 1 at 4-5, Doc. 56-2 (13-6622). However, the fact that GMI's execution of the settlement agreement and charterparty (rather than a lump-sum or periodic payments) was in "full and final" settlement of GMI's claimed damages, supports a defense to this portion of GMI's claims. *See* Statement of Dr. Hillmer at §9, attached as Exhibit "A." Any argument by GMI that the execution of the Settlement Agreement and new charter is insufficient to prevent GMI from recovering the same damages from Commerzbank would be in bad faith because GMI's settlement with Gorgonia would require it to immediately return a potential award from Commerzbank in order to avoid a double recovery. *Id.*

Because GMI's settlement with Gorgonia reduced its claim against

Commerzbank by the amount of $1,500,000.00, the Court cannot declare that the settlement agreement does not have any impact on damages allegedly owed by Commerzbank. Rather, it would have the effect, under German law, of reducing any claim against Commerzbank by $1,500,000.00.

## II. Under United States maritime law, non-settling co-defendants are only liable for their comparative fault.

As noted, if United States law applies to GMI's allegations, then GMI has failed to state a cause of action against Commerzbank. Nonetheless, if United States law were to apply to GMI's claims, damages potentially owed by Commerzbank would be reduced by Gorgonia's percentage of comparative fault.

When there has been a settlement, the non-settling defendant cannot be liable for the settling co-defendant's percentage of liability applied against the plaintiff's total damages. *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220-21 (1994). The non-settling defendant, who might otherwise be jointly and severally liable for the full amount of damages, is granted a "credit in proportion to the settling defendant's share of fault." *Commonwealth Ins. Co. v. Am. Global Mar. Inc.*, C.A. No. 00-868, 2001 WL 333148 (E.D. La. Apr. 4, 2001).

## CONCLUSION

GMI brings its claim under German law, and under such law GMI's settlement agreement with Gorgonia reduces its claims against Commerzbank by the amount of the $1,500,000.00 settlement. Because the settlement agreement will affect the amount of damages potentially owed under German law, the Court should deny GMI's Motion in Limine.

WHEREFORE, PREMISES CONSIDERED, Commerzbank respectfully requests that the Court deny GMI's Motion in Limine, and grant all other relief to which Commerzbank may be entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *s/ Michael M. Butterworth*
Brian Wallace (#17191)
Michael M. Butterworth (#21265)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
**ATTORNEYS FOR PLAINTIFF COMMERZBANK AKTIENGESELLSCHAFT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants on this 20th day of May, 2014.

*s/ Michael M. Butterworth*
BRIAN D. WALLACE
MICHAEL M. BUTTERWORTH